Chief Justice Robertson,
delivered the opinion of the court,
The appellee injoined a judgment' ohtained against him by the appellant, on a note which had been executed, by him and others to her testator, M. D. Hardin. The bill alleges partial payments, and avers that the note was given in consideration, of an undertaking by the obligee, to defend as lawyer, a suit in chancery, in the federal court against the obligors and others, and that the obligee had died.-before the determination of the suit. The answer avers that the-suit had been decided in favor of the obligors, and that the appellant had employed counsel, who represented, her testator in the suit.
The circuit court perpetuated the injunction to the whole judgment, except a very small sum. This decree is erroneous. To the extent of the payments whieh had been made, the injunction ought to have been perpetuated, unless credit had béen given for them in.the judgment; but thedecree perpetuated the injunction. for a larger amount,. There was no positive proof that the appellant had employed counsel, who represented her testator, though the record may justify the inference that she had. At all events, the record shews that the suit had been decided in favor of the obligors; and there is no intimation that they had emplo-yed other counsel after the death of M. D. Hardin; *668 nor does it appear that Hardin had not fully prepared1 the suit in his lifetime, or that, if he had not died, he would, or ought to have done, as counsel, any thing more in the suit than he had done before his death. Without any proof of a partial failure of consideration,' and especially without any fact or even allegation,.furnishing a clue for ascertaining the .extent of failure, even if there had been any,, the circuit court had no rtethority to perpetuate the injunction for more than the aggregate amount of the partial payments. Without any data, the chancellor had no right to assume/that there had been a failure of consideration to any certain or ascertainable extent.
M. D..McHenry, for appellants; Benny, for appellees.
There was no cause for perpetuating the injunction,, excepting the partial payments.
Wherefore, the decree is reversed, and the cause-remanded, with instructions to perpetuate the injunction for the amount of the payments which had been made,, if they have not already been credited, and to dissolve it withdamages, but without costs, for the residue of the judgment injoined,ifthe partial payments had not’ been credited. As the common law record, is not exhibited, this court has no means of ascertaining whether the partial payments-were allowed in the judgment or not.